OPINION
Defendant-appellant Joel Clendening appeals from the trial court's denial of his Motion to Dismiss and Motion to Suppress. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On July 25, 1998, at approximately 1:56 A.M., appellant was arrested by the North Canton Police Department for driving while intoxicated in violation of R.C. 4511.19(A)(1), a misdemeanor of the first degree, and for disobeying a traffic signal or device in violation of North Canton City Ordinance 313.06, a minor misdemeanor. At his arraignment in Canton Municipal Court on July 27, 1998, appellant entered a plea of not guilty. On September 29, 1998, appellant filed a Motion to Dismiss and Motion to Suppress. A hearing on appellant's motions was held on November 2, 1998. The motions and hearing were limited to whether there was a reasonable articulable suspicion for the stop of appellant's vehicle. The following evidence was adduced at the hearing. On July 25, 1998, at approximately 1:56 A.M., Patrolman John R. Hemric was on patrol with Patrolman Scott Denniss. Both patrolmen, who are with the North Canton Police Department, were in uniform and were riding together in the same marked cruiser. As the patrolmen, traveling southbound on North Main Street in North Canton, were approaching the intersection of Woodrow and North Main, they observed a vehicle traveling eastbound on Woodrow Street approaching the intersection. The intersection is controlled by a flashing red light for traffic going east and west and a flashing yellow light for traffic going north and south. The patrolmen testified that, once appellant's vehicle reached the intersection, appellant slowed but failed to completely stop for the flashing red light before proceeding through the intersection and making a left hand turn onto North Main. At the time, the two officers were approximately 50 to 75 yards from the intersection. Both patrolmen also testified that another vehicle travelling northbound in the curb lane on North Main was forced to apply its brakes to avoid colliding with appellant's vehicle. Thereafter, the two officers made a U-turn on North Main and initiated a traffic stop of appellant's vehicle approximately four-tenths of a mile away. At the conclusion of the hearing, the trial court took the matter under advisement. Pursuant to a Judgment Entry filed on November 10, 1998, the trial court overruled appellant's motion to dismiss and/or suppress. On November 18, 1998, appellant entered a plea of no content to both charges. Thereafter, the trial court found appellant guilty on both counts and sentenced him to 180 days in jail. Appellant was also fined $450.00, ordered to pay court costs, and received 6 points on his driver's license, and had his driver's license suspended for 180 days. The jail time was suspended on the condition that appellant complete the Driver's Intervention Program. It is from the trial court's order overruling his motion to dismiss and suppress that appellant prosecutes his appeal, raising the following assignment of error:
 THE POLICE OFFICER LACKED SPECIFIC AND ARTICULATE [sic] REASONS TO JUSTIFY AN INVESTIGATORY STOP ON [sic] MR. CLENDENING'S VEHICLE THEREBY VIOLATING THE FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.
Appellant, in his sole assignment of error, challenges the trial court's denial of his Motion to Suppress. Appellant specifically contends that the officers lacked specific and articulable facts to justify an investigatory stop of appellant's vehicle. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982) 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger (1993)86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v Curry (1994), 95 Ohio App.3d 93,96, State v. Claytor (1993), 85 Ohio App.3d 623, 627,620 N.E.2d 906, 908, and State v. Guysinger (1993), 86 Ohio App.3d 592. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." A trial court, when considering a Motion to Suppress, assumes the role of the trier of fact and is, therefore, in the best position to resolve factual questions and evaluate the credibility of a witness. State v. Mills (1992),62 Ohio St.3d 357, 366. Provided that the trial court's findings of fact are supported by competent, credible evidence, an appellate court must accept the trial court's findings of fact. State v. Guysinger (1993), 86 Ohio App.3d 592, 594. Under Terry v. Ohio (1968), 392 U.S. 1, a law enforcement officer may initiate an investigatory stop of a person when the officer has a reasonable suspicion of criminal activity. To justify such a stop, the seizing officer must be able to point to specific and articulable facts which, taken together with rational inferences from these facts, reasonably warrant the officer's suspicion of criminal activity. Id at 20. In the case sub judice, the parties dispute whether appellant failed to stop at a flashing red light before turning left at an intersection. Appellant specifically contends that the officers' testimony was not credible since the officers were too far away to see appellant's vehicle and since numerous trees and a sign obstructed the view of the intersection of North Main Street and Woodrow for southbound traffic on North Main Street. Appellant presented the trial court with photographs showing the numerous signs and trees allegedly obstructing the officers' view. However, this court finds that there was competent, credible evidence supporting the trial court's findings of fact, specifically, the finding that appellant failed to completely stop at the flashing red light. At the hearing on appellant's motion, both Patrolman Hemrick and Patrolman Denniss testified that, approximately 50 to 75 yards in front of them, they observed appellant's vehicle eastbound on Woodrow approaching a flashing red light at the intersection of Woodrow and North Main. At the time, the two officers were driving in the center lane of North Main. Officer Hemric testified that despite the trees and signs on North Main, he was able to see the vehicle approaching the light and that there were no other vehicles on Woodrow at that time. Officer Hemric also testified that traffic was light and that the weather was clear and dark. When asked whether anything obstructed his view of the intersection, Officer Denniss responded "no" and later indicated that they had an "angled shot" down the street from their vantage point on North Main. Transcript of Proceedings at 38. Moreover, both officers observed appellant's vehicle fail to come to a complete stop at the intersection before proceeding through the same and making a left-hand turn. Finally, in contrast to appellant's testimony to the contrary, both officers also stated that another vehicle traveling north had to apply its brakes to avoid colliding with the appellant's vehicle. Clearly, the trial court, as trier of fact, was in the best position to assess the credibility of the two officers and the appellant, who also testified at the November 2, 1998, hearing. The trial court clearly found the officers' testimony that appellant failed to completely stop at the flashing red light credible. On such basis, the trial court found that the officers had a reasonable and articulable suspicion to stop appellant's vehicle. Since the trial court's findings of fact were supported by competent, credible evidence, we accept the same. Based on such facts, the officers had a reasonable and articulable suspicion of criminal activity, namely, that appellant had failed to completely stop at a flashing red light. The investigatory stop of appellant was, therefore, justified.
Appellant's sole assignment of error is, therefore, overruled. The Judgment of the Canton Municipal Court is affirmed.
Edwards, J Hoffman, P.J. and Farmer, J. concur